IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The William Powell Company, | : | |
| | : | Case No. 1:14-cv-807 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion to Certify |
| National Indemnity Company, *et al.*, | : | Interlocutory Appeal and Partial Appeal |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendant OneBeacon Insurance Company's Motion to Certify Interlocutory Appeal and Motion for Partial Stay (Doc. 131). On June 21, 2017, this Court issued a Discovery Order (Doc. 129) affirming Magistrate Judge Karen L. Litkovitz's Discovery Order (Doc. 119) instructing OneBeacon to produce the documents listed on Exhibit Q (Doc. 98-17). OneBeacon now seeks the Court to certify an interlocutory appeal of the Discovery Order to the Sixth Circuit and to stay its enforcement pending the appeal. For the reasons that follow, OneBeacon's motion will be **DENIED**.

**I.**

The legal dispute has been explained in detail in the Discovery Orders and will be summarized briefly here. OneBeacon refused to produce the Exhibit Q documents requested in discovery by William Powell on the basis of attorney-client privilege. The Magistrate Judge and this Court ruled that the Exhibit Q documents are subject to production pursuant to the exception to attorney-client privilege set forth in *Boone v. Vanliner Insurance Company*, 91 Ohio St. 3d 209, 744 N.E.2d 154, 2001-Ohio-27 (2001). "[I]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-

1

client communications related to the issue of coverage that were created prior to the denial of coverage." *Id.*, 744 N.E.2d at 158.

OneBeacon argues that the Court's ruling is erroneous because the holding in *Boone* was superseded by the 2007 amendment to Ohio Revised Code § 2317.02(A)(2).[1] OneBeacon argues that § 2317.02(A)(2) prohibits the production of the Exhibit Q documents unless William Powell proves a prima facie case of bad faith and the Court establishes through an in camera inspection that the documents relate to the attorney's aiding or furthering that bad faith. OneBeacon seeks the Court to certify an interlocutory appeal and stay enforcement of the Discovery Order pursuant to 28 U.S.C. § 1292(b)[2] so that the Sixth Circuit can resolve definitively whether the 2007 amendment to Ohio Revised Code § 2317.02 supersedes *Boone* regarding the production of documents.

---

[1] The privilege statute provides as follows:

> An attorney, concerning a communication made to the attorney by a client in that relationship or the attorney's advice to a client, except that if the client is an insurance company, the attorney may be compelled to testify, subject to an in camera inspection by a court, about communications made by the client to the attorney or by the attorney to the client that are related to the attorney's aiding or furthering an ongoing or future commission of bad faith by the client, if the party seeking disclosure of the communications has made a prima-facie showing of bad faith, fraud, or criminal misconduct by the client.

Ohio Rev. Code § 2317.02(A)(2).

[2] The interlocutory appeal statute states as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

**II.**

Courts have discretion to permit interlocutory appeals under 28 U.S.C. § 1292(b) when the following conditions are satisfied: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Sheet Metal Empl'rs Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 361 (6th Cir. 2016) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). The Supreme Court has stated that "district courts should not hesitate to certify an interlocutory appeal" when "litigants [are] confronted with a particularly injurious or novel privilege ruling" or "a privilege ruling involves a new legal question or is of special consequence." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009). However, most privilege issues will not necessitate an interlocutory appeal. The Supreme Court stated that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Id.* at 109. Erroneous privilege rulings usually can be remedied the same way as other erroneous evidentiary rulings: "by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." *Id.*

OneBeacon wants the Sixth Circuit on interlocutory appeal to determine whether the production of insurance claims file documents otherwise protected by attorney-client privilege is governed by *Boone* or Ohio Revised Code § 2317.02. However, the Court will not certify an interlocutory appeal here. OneBeacon has not persuasively established that the discovery dispute is controlling such that "it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (setting forth the standard for "controlling"). Magistrate Judge Litkovitz concluded that the "resolution of whether Ohio Rev. Code § 2317.02 is a testimonial

privilege only would not be determinative of a motion or any other proceeding before the Court." (Doc. 119 at PageID 3008.) Contrary to OneBeacon's argument, the mere fact that both parties are willing to litigate whether *Boone* or § 2317.02(A)(2) controls the documentary privilege determination does not establish the production or non-production of the Exhibit Q documents will have a material impact on the litigation.

Moreover, the Court is not convinced that the *Mohawk* standard is satisfied. OneBeacon does not establish that this privilege issue is of special consequence by arguing that the proverbial bell cannot be un-rung if privileged Exhibit Q documents are produced in error. (Doc. 134 at PageID 3682–83.) The Supreme Court acknowledged in *Mohawk* the risk that privileged material might sometimes be produced in error, but it still concluded that an immediate appeal is not the appropriate remedy in most privilege disputes. 558 U.S. at 109. Additionally, this is not a novel issue. The Sixth Circuit has not ruled on this privilege issue, but multiple Ohio district courts have ruled. A strong majority are in agreement that *Boone* remains good law because § 2317.02(A)(2) is inapplicable to the production of documents. *See Mayer v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:15-cv-2896, 2016 WL 1632415, at *5 (S.D. Ohio Apr. 22, 2016), objections overruled, 2016 WL 2726658 (S.D. Ohio May 10, 2016); *Tallmadge Spinning & Metal Co. v. Am. States Ins. Co.*, No. 5:15-cv-1763, CM/ECF Doc. 23 at PageID 141 (N.D. Ohio Feb. 11, 2016); *Arrowood Indem. Co. v. The Lubrizol Corp.*, No. 1:10-cv-2871, 2013 WL 12130641, at *3 (N.D. Ohio Aug. 6, 2013); *Little Italy Dev., LLC v. Chicago Title Ins. Co.*, No. 1:11-cv-112, 2011 WL 4944259, at *2 (N.D. Ohio Oct. 17, 2011); *but see Galion Cmty. Hosp. v. The Hartford Life & Acc. Ins. Co.*, No. 1:08-cv-1635, 2010 WL 359126, at *2-3 (N.D. Ohio Jan. 29, 2010).

### III.

For these reasons, Defendant OneBeacon Insurance Company's Motion to Certify Interlocutory Appeal and Motion for Partial Stay (Doc. 131) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of August, 2017.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge