UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE WILLIAM POWELL CO.,<br>Plaintiff, | Case No. 1:14-cv-00807<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| NATIONAL INDEMNITY CO., et al.,<br>Defendants. | **ORDER** |

**I. Background**

On April 11, 2017, the undersigned issued an Order granting in part a Motion to Compel and for Sanctions filed by plaintiff The William Powell Company (Powell) against defendant OneBeacon Insurance Company (OneBeacon). (Doc. 119). The Order directed OneBeacon to produce, among other documents, "Communications listed on the privilege log for which OneBeacon has asserted an attorney-client privilege but which have been disclosed to third parties other than Resolute [Management, Inc.] and NICO [National Indemnity Company]." (*Id.* at PAGEID#: 3032, ¶ 1.v). OneBeacon moves the Court to reconsider its ruling that OneBeacon waived any attorney-client privilege and work product protections by voluntarily disclosing documents to "presumed third parties." (Doc. 128 at 1). Powell opposes OneBeacon's motion, alleging there is no valid basis for the Court to reconsider its prior ruling. (Doc. 130). OneBeacon has filed a reply in support of its motion. (Doc. 132).

In its motion to compel, Powell challenged the privilege log OneBeacon provided on September 2, 2016 and revised on November 10, 2016 as deficient under Fed. R. Civ. P. 26(b)(5)(A).[1] (Doc. 98). Powell moved to compel the disclosure of "hundreds" of communications OneBeacon had withheld as privileged on the ground OneBeacon had shared

---

[1] The facts underlying the parties' discovery dispute are set forth in the Order on Powell's motion to compel and for sanctions (Doc. 119) and will be repeated here only to the extent they are relevant to the motion for reconsideration.

the documents with third parties, including insurers who did not appear to have an attorney-client relationship with OneBeacon, without providing any proof of a common interest or joint defense agreement. (Doc. 98 at PAGEID#: 1596, citing Exh. K; PAGEID#: 1607-08, citing Exh. O, OneBeacon privilege log legend). Powell did not challenge OneBeacon's claim of privilege as to documents OneBeacon had shared exclusively with Resolute and NICO under a Joint Defense Agreement those entities executed on December 3, 2014. (*See* Doc. 98 at PAGEID#: 1608-09, citing Exh. B, Joseph Brunner Decl., ¶ 14, Exh. 7 at 1). Powell challenged OneBeacon's claim of privilege only as to documents OneBeacon had shared with third parties who are not parties to the Joint Defense Agreement. (Doc. 98 at PAGEID#: 1608-09). Powell argued that OneBeacon had failed to satisfy its burden to show that the attorney-client privilege was not waived as to communications that were disclosed to Berkshire Hathaway, Inc. (Berkshire Hathaway), Armour Risk Management, Ltd. (Armour), National Union Fire Insurance Company (National Union), Continental Casualty Insurance Company (CNA), Trebuchet U.S. Holdings, Inc. (Trebuchet), Berkshire Reinsurance Group (BerkRe), and Charles A. Wagner Co. (*Id.*). Powell also noted that various information technology service providers appeared together with these entities on communications OneBeacon had listed on the privilege log. (*Id.*).

The Court upheld Powell's challenge to OneBeacon's assertion of an attorney-client privilege for communications shared with third parties other than Resolute and NICO, finding as follows:

> As Powell does not challenge OneBeacon's assertion of the attorney-client privilege as to communications shared exclusively with Resolute and NICO, there is no dispute that OneBeacon did not waive the privilege as to those communications. OneBeacon has not carried its burden to show that it is entitled to assert an attorney-client privilege as to communications disclosed to any other third parties. . . . OneBeacon has not submitted any evidence to demonstrate the existence of a relationship between OneBeacon and any of the other entities that would give rise to a common interest and entitle the parties to share attorney

communications without waiving the attorney-client privilege. OneBeacon's unsupported and conclusory assertions as to the functions of Armour and Trebuchet and "other entities" to whom communications have been disclosed do not suffice. (*See* Doc. 104 at PAGEID#: 2161-62). OneBeacon has waived the attorney-client privilege for documents on the privilege log that were disclosed to third parties other than NICO and Resolute, and OneBeacon must produce those documents.

(Doc. 119 at PAGEID#: 3027-28).

## II. Motion for reconsideration

OneBeacon now asks the Court to reconsider its ruling under Fed. R. Civ. P. 54(b) and federal common law, which OneBeacon argues give the Court "broad discretion" to grant relief from interlocutory orders. (Doc. 128).

OneBeacon initially contends that an *in camera* inspection of the documents at issue will allow the Court to ascertain whether OneBeacon waived the attorney-client privilege by disclosing the documents to third parties. (Doc. 128 at PAGEID#: 3587-3588, citing cases). OneBeacon argues that even absent an *in camera* inspection of the documents at issue, it is clear that OneBeacon did not waive the attorney-client privilege as to any of the documents by disclosing them to third parties. Rather, OneBeacon alleges that all of the third parties with whom the documents were shared "fall into one or more protected relationships." (*Id*. at PAGEID#: 3588). OneBeacon identifies these parties as Armour and Trebuchet, the "successors in interest" to OneBeacon (PAGEID#: 3589-90); David Malatesta, "Resolute-panel counsel" for the Charles A. Wagner Co. (PAGEID# 3591-3592); Berkshire Reinsurance Group (BerkRe), which OneBeacon states is a functional name given to "a division of Berkshire Hathaway's subsidiaries, ***including NICO and Resolute***" (PAGEID#: 3592, citing Third Declaration of John Matosky, Exh. 1) (emphasis added by OneBeacon); and technology vendors who allegedly functioned as OneBeacon's agents (PageID#: 3593-94). (Doc. 128). OneBeacon asserts that the

3

entries in its privilege log confirm that it did not communicate with National Union or CNA. (*Id.* at PAGEID#: 3589-90).

Powell argues that while courts have discretion to reconsider interlocutory orders, such relief is extraordinary in nature and should be granted sparingly to promote the interest of finality in Court rulings. (Doc. 130 at PAGEID#: 3634). Powell alleges that OneBeacon has not satisfied the standard for reconsideration in this case because the evidence OneBeacon has submitted in support of its motion is not "new" evidence that was previously unavailable to it. (*Id.* at PAGEID#: 3634-3635). Powell alleges that even if the Court were to consider the evidence submitted by OneBeacon, that evidence does not show that OneBeacon was entitled to withhold on grounds of privilege communications that OneBeacon disclosed to third parties. Powell contends that OneBeacon has not shown that communications with National Union are protected by an attorney-client privilege (PAGEID#: 3637); OneBeacon's allegations are insufficient to establish a common legal interest between Armour/Trebuchet and OneBeacon (PAGEID#: 3637-3639); and in contradiction to its current representations, OneBeacon previously identified BerkRe as a separate entity from NICO and Resolute (PAGEID#: 3640-41). (Doc. 130). Powell further disputes OneBeacon's contention that this Court is required to conduct an *in camera* review of the documents in issue because federal law governs the procedure the Court follows in deciding which documents are privileged. (*Id.* at PAGEID#: 3636, n.2).

### III. Standard of review

OneBeacon's motion for reconsideration of the Court's interlocutory order on Powell's motion to compel and for sanctions is reviewable under Fed. R. Civ. P. 54(b) and the common law. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)

4

(quotation omitted); *see also Hiles v. Army Rev. Bd. Agency*, No. 1:12-cv-673, 2015 WL 4778831, at *16 (S.D. Ohio Aug. 13, 2015) (Report and Recommendation), *adopted,* 2016 WL 561186 (S.D. Ohio Feb. 12, 2016). A district court has the implicit authority under both common law and Rule 54(b) to "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 F. App'x at 959. Although district courts are permitted to "afford such relief from [interlocutory orders] as justice requires," courts "traditionally . . . will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."[2] *Id.* (citations omitted); *Louisville/Jefferson Co. Metro Gov't v. Hotels.com L.P.*, 590 F.3d 381, 389 (6th Cir. 2009); *Hiles*, 2015 WL 4778831, at *16. *See also Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp.2d 871, 877 (S.D. Ohio 2009) ("Motions for reconsideration are not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier.").

## IV. Analysis

### 1. Request for *in camera* inspection

As an initial matter, OneBeacon argues that an *in camera* review of the documents at issue will resolve whether it is entitled to withhold those documents under the attorney-client privilege.[3] (Doc. 128 at PAGEID#: 3587-3588). OneBeacon argues that Ohio law "requires a court deciding issues of privilege to conduct an *in camera* inspection to determine the extent to

---

[2] OneBeacon cites *Rodriguez* for the proposition that Rule 54(b) and the common law give district courts plenary power to revise interlocutory orders so that the Court need not apply these "traditional" factors. (Doc. 132 at 2). OneBeacon's argument ignores the above-quoted language from *Rodriguez*.

[3] As explained more fully *infra*, to the extent OneBeacon also contends that the documents at issue are protected from disclosure by the work product doctrine, the Court declines to reconsider its decision on this basis. Powell did not challenge the third-party documents on the ground they did not qualify as work product, and the Court's previous Order never addressed the work product protection as to these documents. Therefore, there is no basis for the Court to "reconsider" whether such documents are protected as work product.

5

which the privilege applies or has been waived before ordering a party to produce information that is claimed to be privileged." (*Id.*). It is not clear whether the gist of OneBeacon's argument is that the Ohio requirement is binding on a federal court tasked with determining the applicability of the Ohio attorney-client privilege in a case before it or whether OneBeacon is simply urging the Court to follow Ohio procedures in this regard. To the extent OneBeacon argues that an *in camera* review is mandatory, the Court rejects its argument as unsupported.

First, OneBeacon has not cited any cases to show that Ohio's *in camera* review requirements are binding on federal courts. Further, the holdings of the cases OneBeacon cites do not support its position that an Ohio court must conduct an *in camera* review whenever an attorney-client privilege is asserted. Instead, the holdings of the cases OneBeacon cites are more limited than this broad proposition. *See In re Subp. Duces Tecum Served Upon Atty. Potts*, 796 N.E.2d 915, 916 syll. ¶ 2 (Ohio 2003) (holding in the context of a criminal proceeding that an *in camera* review is required whenever a privilege is asserted as to subpoenaed documents); *Peyko v. Frederick*, 495 N.E.2d 918, 919 syll. ¶ 2 (Ohio 1986) and *Moskovitz v. Mt. Sinai Med. Ctr.*, 635 N.E.2d 331, 351 (Ohio 1994) (holding that an *in camera* review is required to determine which documents in a claims file are privileged if a plaintiff who has obtained a judgment files a motion for prejudgment interest under Ohio Rev. Code § 1343.03 and the defense asserts the attorney-client privilege with regard to the contents of the claims file). *Cf. In re Antitrust Grand Jury*, 805 F.2d 155, 168 (6th Cir. 1986) (holding that an *in camera* review is required where district court was required to review the documents to determine if they were subject to a subpoena under the crime-fraud exception).[4] None of the circumstances or holdings of these

---

[4] Plaintiff also cites *Boone v. Vanliner Ins. Co.*, 744 N.E.2d 154, 158 (Ohio 2001), which does not compel an *in camera* inspection of the documents at issue to determine whether any privilege was waived by disclosure to third parties.

cases apply here.

The Court found in its prior Order that an *in camera* review was not warranted and instead formulated a set of rules to be applied in determining whether categories of documents withheld by OneBeacon were protected by the attorney-client privilege or under the work product doctrine. OneBeacon has proffered no reason for the Court to reconsider its prior ruling in this regard. The Court declines to revisit its prior decision and will not conduct an *in camera* review of the third-party documents it previously held were not entitled to protection under the attorney-client privilege.

**2. Consideration of newly-submitted evidence**

Powell argues that OneBeacon improperly relies on evidence that was previously available to it in support of its motion for reconsideration. (Doc. 130 at PAGEID#: 3634-3635, citing Doc. 128, Exhs. 1, 2). Powell argues that OneBeacon has offered no justification for failing to offer this evidence previously, and the Court should decline to consider it now and reaffirm its prior Order. (*Id.* at PAGEID#: 3635).

One Beacon denies that its motion for reconsideration is based on new evidence. (Doc. 132 at PAGEID#: 3663). OneBeacon argues instead that its motion is based upon the need to correct a clear error or prevent a manifest injustice.

OneBeacon has submitted additional evidence in support of its motion for reconsideration that was not previously submitted to the Court. (Doc. 128, Exhs. 1, 2). This evidence consists of (1) the Third Declaration of John Matosky, Assistant Vice President and Associate General Counsel for Resolute, and attachments (Doc. 128, Exh. 1) and (2) the Declaration of Richard Garner, counsel for OneBeacon in this matter (*Id.*, Exh. 2). Matosky provides information in his declaration about the relationship between Armour, Trebuchet and OneBeacon and about

7

Armour's acquisition of OneBeacon in December 2014. (*Id*., Exh. 1). Matosky has attached to his declaration documentation regarding the acquisition that was filed in June 2014 with the Pennsylvania Insurance Department. (*Id*., Exh. 1, Exh. A). Matosky has also provided information in his declaration about BerkRe, Attorney Malatesta and the circumstances surrounding the emails that were sent to him, and the electronic discovery vendor retained to assist with the collection of discovery documents related to Powell's requests. (*Id*., Exh. 1). Garner explains in his declaration how three emails related to state court litigation between Powell and OneBeacon were inadvertently sent to Malatesta in August 2013. (*Id*., Exh. 2). Garner also explains the meaning of "parent" and "child" emails in the privilege log and he has attached a September 2016 email from counsel for OneBeacon to counsel for Powell that included the explanation of the terms as used in the privilege log. (*Id*., Exh. A).

As discussed in more detail *infra*, pertinent evidence OneBeacon has submitted with its motion for reconsideration simply clarifies factual issues that were before the Court in connection with the motion to compel. Even though the clarifying evidence may have been available prior to the Court's decision on the motion to compel, it is appropriate to reconsider the prior decision in light of this evidence. The evidence that has been introduced into the record sheds light on whether OneBeacon waived the attorney-client privilege by disclosing documents to certain third parties. By considering all of the relevant evidence that has been introduced into the record and that pertains to issues previously argued in connection with the motion to compel, the Court will be better able to insure that OneBeacon's privileged communications are afforded the protection to which they are entitled under the governing law and the facts of this case. The Court therefore will consider OneBeacon's newly-submitted evidence to the extent the evidence clarifies previously raised issues.

### 3. Work product protection

OneBeacon argues in its motion for reconsideration that disclosure of a document to a third party does not waive work product protection unless the disclosure has substantially increased the opportunities for adversaries to obtain the information or until the privileged information is disclosed to an "adversary," which has not occurred here. (Doc. 128 at PAGEID#: 3588-89). In its reply, OneBeacon further alleges that Powell has not addressed its argument that all of the communications at issue are protected as work product, and neither did the Court address the argument in its Order on the motion to compel. (Doc. 132 at PAGEID#: 3662 & n.1). OneBeacon alleges that Powell's purported failure to address this argument "should render the rest of [Powell's] arguments moot." (*Id.* at PAGEID#: 3662).

OneBeacon's argument on waiver of work product is not well-taken. In its response in opposition to Powell's motion to compel, OneBeacon generally alleged that "these [attorney client and work product] privileges extend to communications with OneBeacon's agents and contractual partners via the 'functional employee' doctrine and/or the 'common-interest doctrine'- as well as joint defense agreements." (Doc. 104 at PAGEID#: 2160-61). OneBeacon generally referenced the work-product doctrine, but it did not make the legal argument it now presents that work product protection is waived only if the protected documents are disclosed to an adversary or there is a significant potential that they will be. OneBeacon does not present any justification for failing to raise this argument in its opposition to the motion to compel. Because OneBeacon did not present the argument in its opposition to the motion, neither Powell nor the Court had an opportunity to address this argument. OneBeacon's waiver argument based on the work product doctrine which it now raises for the first time on reconsideration is not a valid basis for the Court to revisit its prior decision. *See Rodriguez*, 89 F. App'x at 959.

### 4. Waiver based on the attorney-client privilege

In its opposition to the motion to compel, OneBeacon noted that Powell had objected to the withholding of privileged communications between OneBeacon and Resolute, NICO and other similar entities including Berkshire Hathaway, Armour, National Union, CNA, Trebuchet, and BerkRe. (Doc. 104 at PAGEID#: 2161-2162). OneBeacon argued that:

> When it ruled upon the pre-answer motions in this case, this Court held that pursuant to these agreements NICO and Resolute were simply an extension of OneBeacon. (Doc#:44, PAGEID#:958-959). Likewise, the successors to NICO, such as Armour and Trebuchet, occupy the same role. The same holds true with respect to other entities occupying similar roles. Accordingly, the privileges should be extended to include these agents and partners. WPC [Powell] does not attempt to address these entities individually in its Motion to Compel, but again elects to proceed en masse. This Court should reject such an approach.

(*Id*. at PAGEID#: 2161-2162).

The Court rejected OneBeacon's argument in its Order, finding OneBeacon had not carried its burden to "show that it is entitled to assert an attorney-client privilege as to communications disclosed to any . . . third parties," other than NICO and Resolute. (Doc. 119 at PAGEID#: 3027-28). The Court ruled that:

> OneBeacon has not submitted any evidence to demonstrate the existence of a relationship between OneBeacon and any of the other entities that would give rise to a common interest and entitle the parties to share attorney communications without waiving the attorney-client privilege. OneBeacon's unsupported and conclusory assertions as to the functions of Armour and Trebuchet and "other entities" to whom communications have been disclosed do not suffice. (*See* Doc. 104 at PAGEID#: 2161-62). OneBeacon has waived the attorney-client privilege for documents on the privilege log that were disclosed to third parties other than NICO and Resolute, and OneBeacon must produce those documents.

(*Id*.). As explained below, OneBeacon has shown that reconsideration of the Court's findings in this regard is warranted as to communications disclosed to several third parties based on clarifying evidence OneBeacon has submitted.

### i. *CNA and National Union*

OneBeacon has not shown that the Court should reconsider its ruling on the ground that OneBeacon did not disclose any documents to third parties CNA and National Union. (*See* Doc. 128 at PAGEID#: 3589). The Court ruled in its Order on the motion to compel that OneBeacon had "waived the attorney-client privilege for documents on the privilege log that were disclosed to third parties other than NICO and Resolute, and OneBeacon must produce those documents." (Doc. 119 at PAGEID#: 3028). Thus, if OneBeacon did not disclose privileged documents to CNA or National Union, or any other third party besides NICO or Resolute, then OneBeacon is not required to produce the documents. If the parties disagree as to whether there are such documents listed on the privilege log, reconsideration of the Court's Order is not the appropriate remedy.

Moreover, Powell has identified only one document that allegedly was disclosed to CNA or National Union, which is an email from OneBeacon to an individual Powell alleges is counsel for National Union, Daniel F. Gourash. (Doc. 130 at PAGE ID#: 3637, citing Entry #H13251-0005-004147). OneBeacon asserts that Gourash is actually the attorney for Federal Insurance Co. and states that it produced the email Powell has identified at Bates No. OBFed0330136. (Doc. 132 at PAGEID#: 3664). Because OneBeacon represents that it has produced the only document disclosed to either CNA or National Union, OneBeacon's argument related to documents allegedly disclosed to CNA or National Union appears to be moot.

### ii. *Berkshire Reinsurance Group*

OneBeacon argues there is a valid basis for the Court to reconsider its ruling requiring OneBeacon to produce communications that the privilege log shows were disclosed to "BerkRe." OneBeacon alleges there is no such entity as BerkRe, but instead BerkRe is a "functional name"

for a group of Berkshire Hathaway subsidiaries, which include NICO and Resolute. (Doc. 128 at PAGEID#: 3592, citing Third Declaration of John Matosky, Exh. 1). OneBeacon asserts that although the privilege log shows there were individuals who were copied on communications from OneBeacon at BerkRe email addresses, those individuals "are all in fact in-house counsel and officers of NICO who were helping to coordinate and manage the defense of NICO and Resolute in this case." (*Id.* at 3592-3593, citing Matosky Decl., Exh. 1).[5] OneBeacon thus argues there was no disclosure of such communications to third parties. (*Id.* at PAGEID#: 3593). OneBeacon alleges to the extent there was any confusion on this point, it has now clarified the matter. (*Id.*).

Powell argues in response that OneBeacon did not previously present evidence to support its claim of privilege as to communications with BerkRe; to the contrary, OneBeacon has held BerkRe out as a separate entity throughout this litigation and documents in the record and public statements show this to be the case. (Doc. 130 at PAGEID#: 3640-3641, citing Exhs. B, C, D). Powell contends that individuals' use of an "@berkre.com" email address, individuals' email signature blocks identifying BerkRe as their employer, and a 2001 list of subsidiaries on Berkshire Hathaway's website that lists BerkRe as a separate subsidiary, contradict OneBeacon and Matosky's representations as to the relationship between BerkRe and NICO. (*Id.*).

OneBeacon's arguments persuade the Court that reconsideration of its prior decision is warranted on the issue of whether OneBeacon waived the attorney-client privilege by disclosing documents to BerkRe. The evidence Powell has cited does not contradict OneBeacon's representations concerning the relationship between BerkRe and NICO and Resolute and does

---

[5] Matosky states: "Correspondence was sent to Kevin Lewis (klewis@berkre.com), VP and Assistant General Counsel for NICO, and Brian Snover (bsnover@berkre.com), SVP and General Counsel for NICO, as part of the Joint Defense of NICO, Resolute, and OneBeacon, related to this litigation. Attorneys Lewis and Snover frequently provide legal advice and support to both Resolute and NICO in connection with the reinsurance agreements that NICO issues and Resolute administers, including the one issued to OneBeacon." (Doc. 128, Exh. 1, ¶ 11).

12

not call into question the credibility of OneBeacon's allegations that these entities are not functionally separate and distinct. Moreover, Powell has not identified any documents in the privilege log that OneBeacon shared with BerkRe which do not involve in-house counsel for NICO. It is undisputed that documents disclosed to NICO (as well as those disclosed to Resolute) are protected from disclosure under the Joint Defense Agreement that OneBeacon executed with NICO and Resolute on December 3, 2014. (*See* Doc. 98 at PAGEID#: 1608-09, n. 15, citing Ex. B, Brunner Decl. ¶ 14, Exh. 7, p. 1). Thus, in light of OneBeacon's clarification of the relationship between BerkRe and NICO and Resolute, the Court finds on reconsideration of its Order on the motion to compel that OneBeacon did not waive the attorney-client privilege by disclosing privileged communications to BerkRe. OneBeacon is not required to produce such documents to Powell.

### *iii. Armour and Trebuchet*

OneBeacon argues that disclosure of communications to Armour and Trebuchet did not waive the attorney-client privilege because Powell alleged in the complaint that Armour and Trebuchet acquired OneBeacon and this Court has "found on multiple occasions that Armour and Trebuchet are the successors in interest to OneBeacon as a result of this acquisition." (Doc. 128 at PAGEID#: 3590, citing Doc. 17 at PAGEID#: 61-63; Doc. 45 at PAGEID#: 963, n.1; Doc. 119 at PageID#: 2984). OneBeacon has clarified through Matosky's statements and the regulatory documents it has submitted that Armour and Trebuchet acquired control of OneBeacon in December 2014. (*Id.*, Exh. 1, Matosky Decl., ¶¶ 2-6; Exh. A, materials filed with the Pennsylvania Insurance Department in June 2014 in connection with the proposed acquisition of OneBeacon). OneBeacon argues that as "a successor in interest to OneBeacon, Trebuchet and Armour are each entitled to full benefits" under the express terms of the Joint Defense

13

Agreement between OneBeacon, NICO and Resolute, which provide that the Agreement shall "inure to the benefit of and be binding on any successors or assigns of the Parties." (Doc. 128 at PageID#: 3590). OneBeacon cites the Declaration of its counsel Sunny Horacek in support of this proposition. (Doc. 105 at PAGEID#: 2167). OneBeacon also argues that under the common interest doctrine and the circumstances involved in this case, Armour and Trebuchet share a common legal interest with OneBeacon after acquiring its responsibilities under the policies issued to Powell. (*Id*. at PAGEID#: 3590-91, citing cases).

In response, Powell alleges that OneBeacon has not shown that its communications with Armour and Trebuchet can be withheld under the common interest exception, and OneBeacon's newly-submitted evidence about Armour and Trebuchet's acquisition of OneBeacon does not establish that those communications were made pursuant to a joint defense effort. (Doc. 130 at PAGEID#: 3638-39). Powell argues that at most these parties shared a business interest, which is not sufficient to invoke the common interest exception. Powell does not address OneBeacon's argument that the benefits of the Joint Defense Agreement inure to Armour and Trebuchet as successors to OneBeacon.

In reply, OneBeacon reiterates that the Joint Defense Agreement extends the benefits of the Agreement to any successor, and therefore communications between OneBeacon and Armour/Trebuchet are protected under the Agreement. (Doc. 132 at PAGEID#: 3666). OneBeacon emphasizes that Powell does not dispute this fact and alleges that Powell was aware of a continuity of legal interests between these parties because it pled this in the complaint and hired an expert to describe the legal interests in detail in the Pennsylvania regulatory proceeding. (*Id*. at PAGEID#: 3668). OneBeacon also cites multiple authorities for the proposition that the common interest doctrine extends to successors in interest. (*Id*. at PAGEID#: 3666-3667).

14

OneBeacon alleges that application of the doctrine is supported by evidence previously presented to the Court in this case. (*Id.* at PAGEID#: 3667-3668).

OneBeacon's arguments for reconsideration of the Court's ruling as it pertains to Armour and Trebuchet are persuasive. There is evidence in the record that Trebuchet and Armour acquired OneBeacon and are its successors. (*See* Doc. 17, OneBeacon's motion to dismiss, at PAGEID#: 61-63, stating that regulatory proceedings to challenge the proposed acquisition of OneBeacon by Trebuchet, a subsidiary of Armour, were pending as of December 2014; Doc. 45, Order denying OneBeacon's motion to dismiss, at PAGEID#: 963, n.1, noting that a motion to stay/abstain based on a regulatory proceeding concerning the acquisition of OneBeacon by Trebuchet filed by OneBeacon was moot, in part because the acquisition transaction had been approved in December 2014; Doc. 119 at PAGEID#: 2984, Order on motion to compel referring to Armour as "the entity that purchased OneBeacon's asbestos liabilities").

By this evidence, OneBeacon has shown that grounds exist for the Court to reconsider its ruling on the motion to compel as to Armour and Trebuchet. OneBeacon has clarified that Armour and Trebuchet are successors to OneBeacon by virtue of having acquired the company. Clarification of this issue is sufficient to merit reconsideration so as to prevent the manifest injustice that would occur if OneBeacon were required to disclose privilege communications shared with Armour and Trebuchet. The Court thus chooses to reconsider its prior ruling that OneBeacon waived any attorney-client privilege as to communications it disclosed to Armour or Trebuchet and holds that OneBeacon need not produce such documents to Powell.

### *v. Malatesta*

OneBeacon asks the Court to reconsider its Order on the motion to compel with respect to communications that were disclosed to David Malatesta, Resolute panel defense counsel for The Charles A. Wagner Co. (Charles Wagner) with respect to certain asbestos litigation cases pending in

Delaware that are similar to those pending against Powell. (Doc. 128 at PAGEID#: 3591-3592, citing Matosky Decl., Doc. 128, Exh. 1; Garner Decl., Doc. 128, Exh. 2). OneBeacon alleges in its motion for reconsideration that Resolute and OneBeacon inadvertently copied Malatesta on several emails regarding litigation between OneBeacon and Powell that were intended to be "confidential and privileged," and those emails were not shared by Malatesta with any other individuals. (*Id.*). OneBeacon alleges that under these circumstances, its attorney-client privilege was not waived by disclosure of the communications to Malatesta. (*Id.* at PAGEID#: 3592). OneBeacon argues in its reply that its motion for reconsideration should be granted as to these communications because Powell did not address them in its response to the motion for reconsideration. (Doc. 132 at PAGEID#: 3662-3663).

OneBeacon's representations show, and Powell does not dispute, that the disclosure of a limited number of communications to Malatesta was inadvertent. Because there is no indication that OneBeacon intended to waive the attorney-client privilege, the Court agrees that a waiver should not be found as to these communications. *See* Ohio Rev. Code § 2317.02 (providing that the attorney-client privilege is waived "if the client *voluntarily* reveals the substance of attorney-client communications in a nonprivileged context. . . .") (emphasis added). Accordingly, the Court will not require OneBeacon to produce otherwise privileged emails on which Malatesta was mistakenly copied.

### *vi. Technology vendors*

OneBeacon argues in its motion for reconsideration that it did not waive any privilege by sharing communications with technology vendors, who acted as its outside consultants or agents. (Doc. 128 at PAGEID#: 3593-3594). OneBeacon argues that its motion for reconsideration should be granted as to these communications because Powell did not address them in its response to the motion for reconsideration. (Doc. 132 at PAGEID#: 3662-3663).

The Court did not separately address whether OneBeacon had waived the attorney client privilege as to documents that were disclosed to technology vendors in its Order on the motion to compel because OneBeacon did not specifically address disclosures to technology vendors in its opposition to the motion. Nor did OneBeacon cite in its opposition to the motion to compel the authorities it now relies on its motion for reconsideration. However, it is apparent, and Powell does not dispute, that a party should not be held to have waived otherwise privileged documents by disclosing them to a technology vendor for purposes of gathering and organizing documents in order to comply with the party's discovery obligations. Accordingly, the Court will not require OneBeacon to produce otherwise privileged documents that it disclosed to technology vendors solely for purposes of gathering and organizing information in order to comply with its discovery obligations.

**IT IS THEREFORE ORDERED THAT:**

OneBeacon's motion to reconsider (Doc. 128) is **GRANTED** in part and the Court's prior Order (Doc. 119) is **MODIFIED** on reconsideration as follows:

i. OneBeacon did not waive the attorney-client privilege as to communications that were disclosed to Berkshire Reinsurance Group, and OneBeacon is not required to produce those communications.

ii. One Beacon did not waive the attorney-client privilege as to communications that were disclosed to Armour or Trebuchet, and OneBeacon is not required to produce those communications.

iii. OneBeacon did not waive the attorney-client privilege as to communications that were inadvertently disclosed to David Malatesta in his capacity as Resolute-panel counsel, and OneBeacon is not required to produce those communications.

iv. OneBeacon did not waive the attorney-client privilege as to otherwise privileged documents that were disclosed to technology vendors solely for purposes of gathering and organizing information in order to comply with its discovery obligations, and OneBeacon is not required to produce those documents.

OneBeacon's motion is **DENIED** in all other respects.

Date: 9/26/17

Karen L. Litkovitz
United States Magistrate Judge