IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The William Powell Company, | : | |
| | : | Case No. 1:14-cv-807 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying [Second] Motion to |
| National Indemnity Company, *et al.*, | : | Dismiss, but Staying the Proceedings |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendant OneBeacon Insurance Company's [Second] Motion to Dismiss (Doc. 168). OneBeacon, the only remaining defendant, moves to dismiss this action in light of changed circumstances in the first-filed litigation between these same parties, *William Powell Company v. OneBeacon Insurance Company*, No. A1109350 (Hamilton Cty., Ohio C.P.) ("State Court Action"). For the reasons that follow, the Court will **DENY** the [Second] Motion to Dismiss, but **STAY** these proceedings.

**I.      BACKGROUND**

Understanding the complicated procedural histories for the State Court Action and this case is necessary to resolve the dismissal motion.

**A.      State Court Action**

The William Powell Company ("Powell") initiated the State Court Action against Resolute Management, Inc. on November 29, 2011. (Doc. 17-1, State Court Action, Complaint.) Then, on February 27, 2012, it filed a First Amended Complaint substituting OneBeacon as the defendant and stating claims for declaratory judgment only. (Doc. 17-2, State Court Action, First Amended Complaint.) Specifically, in the fifth claim, Powell requested a declaration that it had "the right under Ohio law to direct the allocation of settlement sums expended on its behalf

1

under all policies, including the right to reallocate sums previously expended and to direct the future allocation of sums expended." (*Id.* at PageID 159.) In the sixth claim, Powell requested a declaration that its three Excess Policies had combined aggregate limits in excess of $35 million and that "OneBeacon must pay 100% of the costs of defense and 100% of the settlement of claims which trigger coverage under [the Excess Policies]." (*Id.* at PageID 159–160.) Powell did not seek monetary damages in the First Amended Complaint.

Subsequently, on February 5, 2016, the common pleas court determined that Powell's fifth and sixth claims against OneBeacon were "not ripe for judicial review." (Doc. 52-1 at PageID 1039, State Court Action, Order.) The claims appear to have become ripe in late 2017 following state appellate decisions on other issues in the case. Accordingly, on December 8, 2017, Powell filed a Second Amended Complaint essentially reasserting the allocation of sums claim and the Excess Policies defense and indemnity claim. (Doc. 168-2, State Court Action, Second Amended Complaint.) However, instead of seeking only declaratory relief, Powell revised the claims to seek monetary damages under breach of contract theories. In the first breach of contract claim, Powell alleged that OneBeacon "refuse[d] to implement Powell's allocation selections" and that OneBeacon "unilaterally imposed an improper pro rata allocation method to allocate claim payments to the General Accident Policies." (*Id.* at PageID 4085.) In the second breach of contract claim, Powell alleged that OneBeacon breached the Excess Policies by forcing Powell to pay portions of its indemnity and defense costs. (*Id.* at PageID 4086.) Powell sought damages in the amount of $834,076.09 plus defense fees in an amount to be proven at trial. (*Id.*)

On February 20, 2018, OneBeacon filed an Answer and Amended Counterclaim against Powell. It sought to recover contribution from Powell for indemnity payments and defense cost

payments it had made to Powell under the Excess Policies under a full reservation of rights. (Doc. 181-1 at PageID 4243–4244, State Court Action, Answer and Amended Counterclaim.)

The State Court Action then proceeded to a bench trial in late 2018. The judge issued a written Final Judgment on March 18, 2019. (Doc. 168-1 at PageID 4016–4020, State Court Action, Final Judgment.) He held that Powell had the right to direct allocation of claims, but he also concluded that OneBeacon did not breach the insurance contracts "as to the breaches alleged by Powell in [the State Court Action]," denied Powell damages for breach of contract, and held that Powell was liable for contribution to OneBeacon in the amount of $11,283,381. (*Id.* at PageID 4016–4017, 4019.) The State Court Action is now on appeal. *The William Powell Co. v. Bedivere Ins. Co. f/k/a OneBeacon Ins. Co.*, Nos. C190199/C190212 (Ohio Ct. App., 1st App. Dist.).

**B.     Federal Court Action**

Powell initiated this case on October 14, 2014, and it was assigned to the Honorable Sandra S. Beckwith. (Doc. 1.) Although the case originally included multiple claims against multiple parties, Powell's only remaining claims are against OneBeacon for (1) breach of contract and (2) breach of the duty of good faith and fair dealing—commonly called a bad faith claim. In the breach of contract claim, Powell alleged that "[b]y its denials of coverage and failures to defend, OneBeacon breached the General Accident Policies, all to Powell's damage in payments for defense and indemnity." (*Id.* at PageID 21–22.) In the bad faith claim, Powell alleged that Defendants "lacked good faith in [its] handling, processing, payment, and satisfaction of Powell's insurance claims relating to the asbestos cases filed against it." (*Id.* at PageID 21.) Powell also alleged in the bad faith claim that "Defendants' actions have damaged Powell by depriving Powell of the full benefit of its coverage under the General Accident

3

Policies, by wrongfully eroding Powell's insurance coverage, by forcing Powell to bear indemnity and defense costs that were not Powell's responsibility, and by causing Powell to divert its internal business resources and incur legal costs and expenses." (*Id.*) Powell sought compensatory, consequential, and punitive damages. (*Id.* at PageID 23.)

On December 19, 2014, OneBeacon moved to dismiss or stay the breach of contract and bad faith claims in this case, in part because of the pending State Court Action. (Doc. 17.) The State Court Action was a declaratory judgment action at that time. After the case was reassigned from Judge Beckwith, the Court issued an Order on February 1, 2016 declining to dismiss or stay this case. (Doc. 45.) The Court concluded that this case and the State Court Action were not parallel proceedings because Powell could not achieve full relief for its breach of contract and bad faith claims in the State Court Action. OneBeacon both filed an appeal—even though the Dismissal Order was not final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure—and moved for reconsideration. (Docs. 49, 52.) In August 2016, the Sixth Circuit dismissed the appeal, and this Court denied reconsideration. (Docs. 69, 70.)

Of note, the Court determined in the Order Denying Defendant's Motion for Reconsideration that the breach of contract claim could not be adjudicated at that time because the state court had not determined which of the underlying insurance policies were triggered nor from which policies payment of claims should be allocated. (Doc. 70 at PageID 1285–1286.) Nonetheless, the Court did not stay this case because the bad faith claim was not dependent upon a finding of breach of contract. (*Id.* at PageID 1292–1293.)[1]

---

[1] The Court recognized that Powell could not establish a claim for the bad faith denial of coverage if it was not entitled to coverage under the insurance policies. *See, e.g.*, *Bondex Int'l, Inc. v. Hartford Acc. and Indem. Co.*, 667 F.3d 669, 684 (6th Cir. 2011). However, Ohio law recognizes a cause of action against insurers for the bad faith handling and processing of insurance claims separate and apart from the denial of insurance coverage. *See, e.g.*, *Brit Ins. Holdings N.V. v. Krantz*, No. 1:11 CV 948, 2012 WL 28342, at *6 (N.D. Ohio Jan. 5, 2012) (stating that there need not be a denial of coverage to have an actionable claim); *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 452 N.E.2d 1315, 1319 (1983) ("[A]n insurer has the duty to act in good faith in the handling and payment of the claims

4

Subsequently, the parties engaged in three years of discovery and discovery disputes in this case. Most recently, following the filing of the Second Amended Complaint and the issuance of the Final Judgment in the State Court Action, OneBeacon filed the pending [Second] Motion to Dismiss in this case. OneBeacon argued that that the breach of contract and bad faith claims in this case are barred by issue or claim preclusion or should be dismissed pursuant to the abstention doctrine stated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Following briefing, the Court held oral arguments on the [Second] Motion to Dismiss on September 3, 2019.

## II. ANALYSIS

To begin, the Court will not dismiss this case on the basis of claim preclusion. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 653 N.E.2d 226, 229 (1995). Ohio has adopted the Restatement of Law 2d Judgments § 24 holding that a first action bars a second action "with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose." *Id.* The Sixth Circuit has interpreted Ohio's doctrine of claim preclusion as having four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 520 (6th Cir. 2011) (citation omitted).

---

of its insured."). A bad faith claim is not always dependent upon a breach of the insurance policy contract. *Valley Force Ins. Co. v. Fisher Klosterman, Inc.*, No. 1:14-CV-792, 2016 WL 1642961, at *3 (S.D. Ohio Apr. 26, 2016).

Powell concedes that the first two elements of the claim preclusion test are satisfied here. (Doc. 172 at PageID 4105). However, the parties dispute whether Powell could have asserted the instant claims in the State Court Action and whether the bad faith and breach of contract claims here arise from the same transaction and occurrence as the claims in the State Court Action. Although it is likely that the Court would find that the latter two elements of claim preclusion are satisfied,[2] the Court need not reach that determination.

Restatement of Law 2d Judgments § 24 is subject to the exceptions listed in Restatement of Law 2d Judgments § 26. Section 26 instructs that claim preclusion does not apply to bar a second action when it "is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason." Restatement of Law 2d Judgments §26(f). Section 26(f) is applicable here. The procedural histories of this case and the State Court Action, in fact, are far from ordinary.

This Court twice determined and informed the parties in written Orders in 2016 that it would adjudicate Powell's bad faith and breach of contract actions in this case. The Sixth Circuit dismissed OneBeacon's appeal of the initial determination. It was reasonable for Powell, when it came time in December 2017 to reinstate its allocation of sums and Excess Policies claims in the State Court Action, to rely upon the prior decisions of this Court and assume that its breach of contract and bad faith claims here would proceed on a separate, federal court track. Neither party asserts that they or the Common Pleas judge ever discussed adding breach of contract claims and bad faith claims from this case to the State Court Action. Rather, the Common Pleas judge's holding in the Final Judgment that OneBeacon was not liable for "the

---

[2] Powell admitted that the State Court Action would have concurrent jurisdiction over the breach of contract and bad faith claims, (Doc. 28 at PageID 512), and it did not identify any ruling in the State Court Action expressly limiting the claims that could be filed in the Second Amended Complaint. Moreover, the subject matter of both cases is whether OneBeacon breached its obligations to fully and fairly defend and indemnify Powell under multiple General Accident and Excess Policies in underlying asbestos litigation cases.

6

breaches alleged by Powell [in the State Court Action]" suggests that he knew that another breach of contract claim remained pending elsewhere. (Doc. 168-1 at PageID 4016–4017.) Powell has been permitted to pursue claims on separate tracks in separate courts for almost five years, and it would be inequitable for this Court to dismiss the claims pending here merely because the State Court Action reached a final judgment first. For these reasons, the Court will not dismiss this case on the basis of claim preclusion.

However, the Court will stay this case based on *Colorado River* abstention given the markedly changed circumstances in the State Court Action. In *Colorado River*, the Supreme Court noted that, "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River*, 424 U.S. at 817).

At the initial stage of this case, the Court declined to dismiss or stay the case based on *Colorado River* abstention. (Doc. 45 at PageID 964–966.) Critical to the Court's 2016 decision not to abstain was the fact that Powell had sought only declaratory relief in the State Court Action. The Court concluded that the actions were not parallel because Powell could not achieve full monetary relief for its breach of contract and bad faith claims in the State Court Action. *See Healthcare Capital v. Healthmed, Inc.*, 213 F. Supp. 2d 850, 857 (S.D. Ohio 2002) ("Essential to the determination of whether the two actions are parallel is whether resolution of the state court action will provide complete relief for the federal action."). The Court stated as follows:

> Applying the above framework to the instant case, the Court finds abstention unwarranted, as the Court is not convinced that this case and the state court matter are parallel actions. Although both cases involve the same parties and concern the General Accident policies, the causes of action and the relief differ in material

7

> respect. "Two actions are not parallel merely because they arise out of the same basic facts." Unlike the state court action—a declaratory judgment action seeking clarification on the limits and provisions of the policies—Powell here seeks money damages for OneBeacon's alleged failure to perform its obligations under the policies. In other words, as Powell argues, the instant action concerns the handling of claims, not interpretation of policy provisions or limits. The state court action does not provide Powell with the opportunity for complete relief on its claims for breach of contract and/or bad faith. Therefore, the Court finds that the actions are not parallel.

(Doc. 45 at PageID 966 (citations omitted).)

This rationale no longer is applicable. Powell changed the nature of the State Court Action when it filed the Second Amended Complaint seeking damages for breach of contract. The two actions now are parallel at least in part because Powell seeks damages in both actions arising from OneBeacon's alleged failure to fully pay Powell's defense and indemnity costs. In this case, Powell seeks damages for OneBeacon's alleged bad faith handling of claims, but also for defense and indemnity costs Powell allegedly was forced to bear due to OneBeacon's bad faith and breach of contract. (Doc. 1 at PageID 21 ¶ 75, PageID 22 ¶ 78.) Because the two actions are parallel, the Court must consider the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d 337, 340–341 (internal citations omitted). The third, fourth, fifth, sixth, and eighth factors favor abstention. Piecemeal litigation has complicated these proceedings; the State Court Action was filed first; Ohio law governs; the Ohio courts are adequate to protect Powell's rights; and there is concurrent jurisdiction. Accordingly, the Court will stay this action on the basis of *Colorado River* abstention.

This Court looks to avoid complicated piecemeal litigation, but that is what has resulted here. The parties have informed the Court that it is likely that at least one of them will appeal the result of the pending state court appeal to the Ohio Supreme Court. When the State Court Action is fully adjudicated, following all appeals and any remand proceedings, then this Court will proceed on the bad faith and breach of contract claims before it. At that time, the parties can address whether any particular issues relevant to the disposition of this case are precluded by the doctrine of collateral estoppel or issue preclusion. *See Mesa Underwriters Specialty Ins. Co. v. Secret's Gentleman's Club*, 751 F. App'x 715, 726 (6th Cir. 2018) ("Under Ohio law, collateral estoppel, or issue preclusion, prevents relitigation of any fact or issue that (1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.") (internal quotation and citation omitted). The Court could not make a reasoned issue preclusion analysis at this juncture given the summary disposition of the issues in the State Court Action and the undeveloped nature of the claims pending in this case.

### III. CONCLUSION

For the foregoing reasons, Defendant OneBeacon Insurance Company's [Second] Motion to Dismiss (Doc. 168) is **DENIED**, but these proceedings are **STAYED** during the pendency of the State Court Action pursuant to *Colorado River* abstention.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2019.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge