IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The William Powell Company, | : | |
| | : | Case No. 1:14-cv-807 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion to Certify |
| National Indemnity Company, *et al.*, | : | Interlocutory Appeal |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendant OneBeacon Insurance Company's Motion to Certify Interlocutory Appeal (Doc. 184). OneBeacon seeks the Court to certify the October 2, 2019 Order Denying [Second] Motion to Dismiss, but Staying the Proceedings (Doc. 183) for immediate, interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff The William Powell Company disputes that October 2, 2019 Order is appropriate for interlocutory appeal. For the reasons that follow, the Court will certify the interlocutory appeal.

**I.    THE OCTOBER 2, 2019 ORDER**

In the October 2, 2019 Order, the Court denied OneBeacon's request to dismiss this action on the basis of claim preclusion in light of judgment being reached in the State Court Action, *William Powell Company v. OneBeacon Insurance Company*, No. A1109350 (Hamilton Cty., Ohio C.P.). The Court noted Powell had conceded that the first two elements of the claim preclusion test—(1) a prior, valid decision on the merits in the first action and (2) a second action between the same parties—were satisfied. (Doc. 183 at PageID 4584–4585.) Further, the Court stated that it was likely that the latter two elements of the claim preclusion test—(3) claims in the second action could have been asserted in the first action and (4) claims arise from the same

transaction or occurrence—were satisfied as well. (*Id.*)[1] Nonetheless, the Court held that the Restatement of Law 2d Judgments § 26(f) exception to claim preclusion applied because the policies favoring preclusion were overcome for an extraordinary reason given the special procedural circumstances of this case. (*Id.* at PageID 4585–4586.)

After concluding that claim preclusion was not appropriate, the Court stayed the case pursuant to *Colorado River* abstention because the State Court Action and the Federal Court Action had become parallel proceedings. (*Id.* at PageID 4587.) The Court concluded that it would examine whether the claims in this Federal Court Action were precluded by the doctrine of issue preclusion at the conclusion of State Court Action, including appeals and any remand proceedings. (*Id.* at PageID 4588.)

## II.     STANDARD FOR INTERLOCUTORY APPEALS

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order." 28 U.S.C. § 1292(b). Therefore, courts have discretion to permit interlocutory appeals when the following conditions are satisfied: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Sheet Metal Empl'rs Indus. v. Absolut Balancing Co.*, 830 F.3d 358, 361 (6th Cir. 2016) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)).

---

[1] The Court reiterates that analysis here. Powell admitted that the state court would have concurrent jurisdiction over the breach of contract and bad faith claims, (Doc. 28 at PageID 512), and it did not identify any ruling in the State Court Action expressly limiting the claims that could be filed in the Second Amended Complaint. Moreover, the subject matter of both cases is whether OneBeacon breached its obligations to fully and fairly defend and indemnify Powell under multiple General Accident and Excess Policies in underlying asbestos litigation cases.

2

Courts also have required that motions seeking certification be filed within a reasonable time after the order sought to be appealed. *See Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) ("There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed."); *Sloan v. Borgwarner, Inc.*, No. 09-cv-10918, 2014 WL 12724217, at *1 (E.D. Mich. May 28, 2014) (stating that a reasonableness standard applies); *McKinstry v. Sergent*, No. 11-133, 2012 WL 3731304, at *3 (E.D. Ky. Aug. 28, 2012) (quoting *Ahrenholz*).

## III. ANALYSIS

OneBeacon moves the Court to certify the October 2, 2019 Order for interlocutory appeal so it can challenge the Court's refusal to apply claim preclusion to bar Powell's claims. Powell objects to certification on only two grounds: (1) there is not a controlling issue of law appropriate for interlocutory appeal and (2) OneBeacon did not move for certification within a reasonable time.[2] (Doc. 185 at PageID 4603.) The Court will begin with the controlling issue of law factor.

An issue of law is controlling "if reversal of the district court's order would terminate the action" or if it "could materially affect the outcome of the case." *U.S. ex rel. Elliot v. Brinkman Group Ltd., LLC*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012) (citations omitted). Claim preclusion is a controlling issue of law under this standard because this Federal Court Action would end if the Sixth Circuit determined that claim preclusion applied. OneBeacon argues, nonetheless, that claim preclusion is not a pure, abstract question of law appropriate for interlocutory appeal because it involves delving into the procedural and factual records of both

---

[2] The other factors for certifying an interlocutory appeal are satisfied. There are substantial grounds for differing opinions on the application of claim preclusion here. The exception to claim preclusion found in Restatement of Law 2d Judgments § 26(f) has not been frequently applied. Also, resolution of the claim preclusion issue could materially advance resolution of this litigation because a decision in favor of OneBeacon would result in the dismissal of this Federal Court Action.

the State Court Action and this Federal Court Action.  *See*, *e.g.*, *Smart & Assocs., LLC v. Indep. Liquor (NZ) Ltd.*, No. 3:10-CV-614, 2017 WL 4969354, at *3 (W.D. Ky. Sept. 26, 2017) (stating that interlocutory appeals should be limited to abstract questions of law); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) (stating that interlocutory appeals are limited to pure questions of law that do not require delving beyond the surface of the record).

However, the Sixth Circuit and district courts repeatedly have certified claim preclusion decisions for interlocutory appeal.  *See*, *e.g.*, *Bronson v. Bd. of Educ. of City Sch. Dist. of City of Cincinnati*, 512 F.2d 718, 719 (6th Cir. 1975); *Merritt-Ruth v. Latta*, No. 14-cv-12858, 2015 WL 4756612, at *3 (E.D. Mich. Aug. 11, 2015) (finding *res judicata* to be a controlling issue of law); *Wayne Cty. Hosp.*, *Inc. v. Jakobson*, Civil No. 9-0044, 2011 WL 4591949, at *5–6 (E.D. Ky. Sept. 29, 2011) (certifying a decision on claim preclusion for interlocutory appeal where only privity of the parties was at issue); *Bryan v. Aston*, No. C 75-0350, 1976 WL 828, at *7 (W.D. Ky. 1976) (certifying appeal of decision holding *res judicata* inapplicable); *but see In re Pilch*, No. SL-00-04225, 2007 WL 1686308, at *4 (W.D. Mich. June 8, 2007) (refusing to certify an appeal of a claim preclusion decision because the issue involved the application of law to the facts).  The Court holds that the controlling law factor of § 1292(b) is satisfied here based on the authority of *Bronson* and its progeny.

Next, the Court will examine Powell's contention that OneBeacon's Motion is untimely.  Section 1292(b) does not contain a filing deadline, but as stated above, courts have imposed a reasonableness standard.  *See Ahrenholz*, 219 F.3d at 675; *Sloan*, 2014 WL 12724217, at *1; *McKinstry*, 2012 WL 3731304, at *3.  OneBeacon filed its Motion on November 8, 2019, thirty-seven days after the Court issued the October 2, 2019 Order.  While this is longer than the

twenty-eight-day period for filing motions to amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) or the thirty-day period for filing a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), it is not unreasonable in the circumstances of this case. Thirty-seven days closer to the twenty-eight-day period found to be reasonable in *McKinstry v. Sergent*, No. 11-133, 2012 WL 3731304, at *3–4 (E.D. Ky. Aug. 28, 2012), than it is to the sixty-day period found to be unreasonable in *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 914 (E.D. Mich. 2003). Moreover, this case is stayed during the pendency of the State Court Action. It is likely to remain stayed for longer than the length of time it will take the Sixth Circuit to rule on the interlocutory appeal.

## IV. CONCLUSION

For the foregoing reasons, Defendant OneBeacon Insurance Company's Motion to Certify Interlocutory Appeal (Doc. 184) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2019.

                                                            BY THE COURT:

                                                            S/Susan J. Dlott_____
                                                            Susan J. Dlott
                                                            United States District Judge